HOLPP, Plaintiff-Appellant, v. LITMAN, Defendant-Appellee.

Ohio Appeals, Seventh District, Monroe County.

No. 325.   Decided May 18, 1949.

Forrest D. Pfalzgraf, W. E. Moore, Jr., Woodsfield, for plaintiff-appellant.
Charles W. Lynch, Woodsfield, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

The parties will be referred to in this appeal as they stood in the court of common pleas.

Defendant, a married man, was arrested upon a state warrant issued by a Justice of the Peace in and for Center Township, Monroe County, Ohio, upon an affidavit sworn to by plaintiff, an unmarried woman aged 19 years, a resident of Monroe County, Ohio, and subsequently tried and found not guilty by a jury in the court of common pleas thereof, "as charged in the complaint" of being the father of her child, with which she was pregnant at the time she filed such complaint, and which was born to her subsequent thereto.

Plaintiff appealed from the judgment of the court of common pleas on questions of law and fact. The appeal was not properly filed as such, and it appearing that a bill of exceptions was duly and properly filed in the court of common pleas the words "and fact" were stricken from defendant's notice of appeal sua sponte, and the appeal was argued, submitted and will be retained, considered and determined as one on questions of law only.

In her motion for new trial filed in the court of common pleas plaintiff contended, and as far as we can determine from the brief and argument filed by her counsel in this court contends here, that the trial judge permitted "the defendant to introduce evidence for impeachment purposes, and over the objection of the plaintiff, without first laying a proper foundation for said impeaching testimony"; to "introduce evidence for impeachment purposes, and over the objection of the plaintiff, on a collateral, nonmaterial and irrelevant matter"; and claims "irregularities in the proceedings of the court by which the plaintiff was prevented from having a fair trial in the following particulars, to-wit; that the defendant, and over the objection of the plaintiff, was permitted by the court to introduce evidence that the prosecutrix had intercourse with another person approximately a year before the time of conception"; and "failure of the court to properly charge the jury as to the law applicable in the case and proceedings and to which exceptions were taken by plaintiff"; and "several errors of law occurring at the trial and to which exceptions were taken by the plaintiff at the time"; and for "other errors manifest from the face of the record"; and contends "that the verdict of the jury is contrary to the weight of the evidence", and is "contrary to law".

The evidence properly admitted in plaintiff's case in the court of common pleas painted a picture of her life, lived on not too high a level with her father, mother and two brothers, with one of which brothers, who was two years her junior, she slept regularly in a large room, occupied jointly and regularly by other members of her family, until shortly before she charged defendant with having intercourse with her on June 30th and July 2nd, 1947.

Plaintiff's mother testified that defendant slept with plaintiff on that night of June 30, 1947, in a bed "right along side" the bed in which she slept, to which she did not object, but could not testify to whether they had intercourse.

Defendant's father attended a serenade on the night of June 30, 1947. In response to the question "did you go to bed that night" responded "that's a question I ain't going to answer you at all for I lay down wherever I have a place to lay down, or where I fall down." When asked "where did you get up the next morning" responded "hard to tell"; and accordingly could not testify as to whether defendant had intercourse with plaintiff.

Plaintiff testified that she was nineteen years of age at the time she became pregnant; and was in the third grade

when she left school at the age of sixteen years; and described the sexual acts with which she charged defendant in a rather vulgar manner.

The defendant, a young married man in his late twenties, to whose wife a son was born on June 30, 1947, introduced evidence of where he was during that entire night, as well as on the night of July 2nd following. His testimony and that of his witnesses discloses that a proper foundation for the introduction of such testimony was laid.

As charged by counsel for plaintiff, for the purpose of impeachment the trial judge permitted defendant to introduce testimony that plaintiff had had intercourse with others than defendant, including her father and brother, whom she claimed forced her to indulge in such acts with them, and to which plaintiff objected and excepted; and which she claims constituted prejudicial and reversible error, with which contention we can not concur as we believe as the result of careful consideration of the bill of exceptions submitted to us it was impossible for him to have slept with plaintiff on either of those nights.

In a word, the evidence simply presented a question for the determination of the jury, which chose to believe the defendant and his witnesses; and whose verdict we cannot conclude was against the manifest weight of the evidence.

While urged as a ground of error that the trial judge erred to plaintiff's prejudice in his general charge to the jury counsel has failed to argue that assigned ground of error. Accordingly we will not pass upon it.

Appellant's counsel has failed to call our attention to "several other errors manifest from the face of the record", as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

We find no error prejudicial to plaintiff in any of the respects charged by her. Accordingly the judgment of the court of common pleas is affirmed.

NICHOLS, J, BUCKLEY, J, concur in judgment.